## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **JOHN DOE** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-00658** |
| | § | **(Jury)** |
| **WILLIAM MARSH RICE** | § | |
| **UNIVERSITY d/b/a RICE** | § | |
| **UNIVERSITY, EMILY GARZA,** | § | |
| as agent for Rice University, and | § | |
| **DONALD OSTDIEK**, as agent for | § | |
| Rice University**,** | § | |
| | § | |
| *Defendants***.** | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY AND TO EXTEND DEADLINE TO AMEND COMPLAINT

John Doe's Motion confirms he has not stated any plausible Title IX or breach of contract claims—particularly with respect to the individual defendants Emily Garza and Dr. Donald Ostdiek—and that he knows it.  The weakness of his arguments confirm his motion is meritless.

He cites the wrong law in arguing defendants' 12(b)(6) motions are really summary judgment motions entitling him to discovery, and does not even address, to say nothing of apply, the correct standard.  His only justification for his additional requests that civil procedure be turned on its head by (1) allowing him to conduct discovery first and plead later, *and* (2) allowing him to wait until discovery has been closed for 45 days before defending the plausibility of his pleadings, is that doing so

will somehow allow "an orderly disposition of [this] case…".  Mot. [Dkt. 19], p. 1.

Doe's motion is a transparent attempt to buy time and delay scrutiny of his pleadings until merits discovery allows him to be "more specific," thereby reversing the due order of proceedings by allowing him to discover now and plead later.  *Id.* Doe is not entitled to any of that relief.

Defendants have responded to Doe's venue allegations with evidence refuting them.  They have responded to his claims with Rule 12(b)(6) motions attacking the sufficiency of Doe's pleadings.  Having chosen to bring his claims now, Doe cannot decide to delay defending them until later.  His motion should be denied, and this case should proceed according to established rules of procedure—including an early determination of the plausibility of Doe's claims.

# I.
## PROCEDURAL POSTURE

Defendants joined their pending Rule 12(b)(6) motions to dismiss with their Rule 12(b)(3) motions to dismiss for improper venue, as was their right.[1]  *See* Compl. [Dkt. 1], pp. 8-20 (venue motions), 20-26 (plausibility motions); *see also* FED. R. CIV. P. 12(g)(1) ("A motion under this rule may be joined with any other motion allowed by this rule.").  Doe's venue allegations—that "parties" reside here, and

---

[1] Had defendants not joined their Rule 12(b)(6) motions with their Rule 12(b)(3) motions, they would have waived their rights to file and have the plausibility of Doe's claims considered and decided at the earliest possible time.  *See* FED. R. CIV. P. 12(h)(2) (next opportunity to move to dismiss for failure to state a claim is under Rule 12(c) after pleadings close).

significant events giving rise to his Title IX and contract claims occurred here—are not true.  *See* Compl. [Dkt. 1], ¶¶ 26, 84-115.  Defendants refute those allegations with extrinsic evidence to the contrary.  *See, e.g.*, Mots. to Dismiss [Dkt. 14], Exs. A-C (Zansitis, Ostdiek, and Garza Declarations and attached exhibits)[2]; *see also Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) ("on a Rule 12 (b)(3) motion, the court may look outside of the complaint and its attachments and review extrinsic materials, including affidavits."); *Blacklands R.R. v. Ne. Texas Rural Rail Transp. Dist.*, 2019 WL 3613071, at *2 (E.D. Tex. Aug. 5, 2019) (extrinsic evidence proper in venue disputes).

Defendants' Rule 12(b)(6) motions attack the sufficiency of Doe's pleadings. *See* Mots. to Dismiss, pp. 20-26.  His pleadings include his complaint, any exhibits to it, and any exhibits defendants attached to their 12(b)(6) motions that are central to Doe's claims and referred to in his complaint.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claims.") (citations omitted); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (in considering Rule12(b)(6) motion court is allowed to review the

---

[2] While the exhibits to the Zansitis, Ostdiek, and Garza declarations are correctly described and referred to in the declarations correct order, they are not physically numbered.

complaint, any attached documents, and exhibits attached to motion that are central

to the claim and referenced by the complaint).[3]   Because Doe's complaint refers to

and relies on many documents but attaches none as exhibits, defendants attached

them as exhibits to their motions, making them part of Doe's pleadings and

appropriate for review by this Court.  *See* Exhibit 1 (chart summarizing defendants'

evidence).

## II.
## ARGUMENTS AND AUTHORITIES

Doe's motion is an attempt to derail the ordinary course of federal litigation

without support in law or fact, and should be denied.

**A.**     **Doe Cannot Delay Dismissing the Individuals.**

The most galling aspect of Doe's motion is his failure to explain, or even

address, how the Rule 12(b)(6) motions of Emily Garza and Donald Ostdiek can

possibly be improper as a result of relying on exhibits outside the scope of Doe's

pleadings.  Doe has asserted Title IX and breach of contract claims exclusively.  Title

IX is inapplicable to both Ms. Garza and Dr. Ostdiek as a matter of long-standing

law and United States Supreme Court precedent.  Doe alleges no express, implied,

written, oral, or any other kind of contractual agreement with either of them.  With

---

[3] Defendants anticipatorily explained the law about what Doe's "pleadings" include
in this context in their motions.  *See* Mots. to Dismiss, p. 2 n.2 (citing *Lone Star* for
identical proposition).

no underlying claims against them, Doe cannot obtain any relief from them.  *See generally* Mots. to Dismiss, pp. 22-25.

Ignoring these arguments, but not denying them either, Doe wants this Court to delay scrutinizing the plausibility of his pleadings against all defendants—Ms. Garza and Dr. Ostdiek necessarily included—because they are really summary judgment motions that rely on evidence outside the scope of his pleadings, and he needs to complete merits discovery and amend his complaint before responding. Mot., ¶ 6.

Doe is not entitled to any of the relief he seeks with respect to any of the three defendants for all of the reasons explained more fully below.  But even if he was, he certainly would not be entitled to it with respect to the individuals.  It is indisputable that Doe's complaint does not state any individual claims against them, plausible or otherwise, making it logically impossible for their 12(b)(6) motions to rely on matters outside Doe's pleadings in demonstrating he states no plausible claims against them—*there are no claims alleged against them in his complaint to attack*. The only document relevant to their motions is Doe's complaint itself.  Nothing even arguably impedes this Court's ability to consider their motions.

Doe nevertheless wants them to remain defendants in this case until he finishes discovering whether he has any claims against them.  That notion is antithetical to the fundamental tenets of federal law and procedure.

**B.    Defendants' Motions Are Not Summary Judgment Motions.**

**1.    Doe ignores defendants' venue motions.**

Doe's argument that defendants 12(b)(6) motions are summary judgment motions in disguise begins by dismissing the significance of the fact that defendants have also filed venue motions, properly supporting them with the same extrinsic evidence he goes on to criticize.  His justification, in its entirety, is that those venue motions are "not the subject of [his discovery] motion…".  *See* Mot., ¶ 13.

Doe may not want defendants' venue motions to be a subject of his discovery motion, but he cannot avoid the fact that they are integral to it.  Many if not most of the 471 pages of which he complains were submitted in support of the venue motions.   That they factually overlap with his statement of his claims is the unavoidable result of Doe equating venue with the existence (or not) of the same generalized facts that plausibly state (or do not) his Title IX and breach of contract claims.

For example, Doe's complaint alleges events giving rise to his claims include defendants' "stripping [Doe] of his rights to a fair and just investigation and adjudication process," "relying ion prejudicial assumptions," harboring an "inherent anti-male bias," conducting a "procedurally flawed investigation" leading to "an erroneous outcome," engaged in "unlawful and discriminatory actions," and committing unspecified breaches of multiple, but unspecified, "express and implied contracts."  *See, e.g.*, Compl. [Dkt. 1], ¶¶ 5, 15, 17, 38, 69, 109-110.  Proving the

negative of Doe's allegations—that those and all the other events or omissions allegedly giving rise to Doe's claims—did not occur at all or did not occur here, required defendants to submit evidence showing where the identifiable events described in his complaint *did* occur—in Houston.  *See id.*, pp. 13-16; *see also* Mots. to Dismiss, Exs. A-C (Zansitis, Ostdiek, and Garza Declarations and attached exhibits) (generally testifying regarding Roe's complaint, and Rice's investigation). That evidence includes documents relating to or forming part of Rice's investigation, Doe's responses, and Rice's conclusions and actions, showing both the documents themselves and the events addressed in them occurred in Houston, not here.  *See, e.g.*, *id.*, Ex. B (Ostdiek Decl.), Ex. 1 (email to Dr. Ostdiek, who has resided in Houston since 1994 and was Associate Dean of Undergraduates and Deputy Title IX Coordinator for Rice University during the relevant time, regarding original event giving rise to Rice's investigation); Ex. 2 (letter sent during the investigation from Dr. Ostdiek in Houston to Doe in Houston); Ex. 3 (same).  No law and no policy prevents a defendant from both proving that alleged liability facts occurred somewhere else in order to defeat a plaintiff's improper venue choice while relying on the same evidence, if it falls within the scope of plaintiff's pleadings, to demonstrate the plaintiff states no plausible claim.

## 2.    Defendants' 12(b)(6) motions are properly limited to Doe's pleadings.

Having decided to avoid the implications of defendants' venue motions, the basis for Doe's motion is that 471 pages of documents disqualifies a motion from being made pursuant to Rule 12(b)(6):

> The grounds for Plaintiff's Motion are that [d]efendants' submission of four-hundred-seventy-one (471) pages of extrinsic documentation, including, but not limited to, factual and substantive declarations from Defendants Donald Ostdiek and Emily Garza, *per se* converts Defendants' Rule 12(b)(6) Motion[s] to Dismiss into one[s] for summary judgment.

Mot., ¶ 8.  Doe reaches his *per se* conclusion by citing the 471 pages of exhibits, quoting Rule 12(d)'s mandate requiring conversion if matters outside the pleadings are considered, citing two First Circuit cases, one District of Columbia Circuit case, and one Eastern District of Louisiana case quoting or applying the general rule—in circumstances not remotely similar to those present here[4]—and declaring the matter decided.  *See id.*, ¶¶ 8-10.  Conspicuously absent are any citations to binding Fifth Circuit precedent defining what constitutes his pleadings, *see Collins*, 224 F.3d at 498–99 (defining pleadings to as including attachments to a defendant's motion to dismiss that are referred to in the plaintiff's complaint and central to the claims), or

---

[4] For example, the *Becnel* court converted Rule 12(b)(6) motions after defendants attached plaintiff's deposition testimony—which could not have been referred to in his complaint—to a reply brief.  *See McNealy v. Becnel*, 2016 WL 6070073, at *11 (E.D. Tex. Oct. 17, 2016).

any analysis showing any exhibit constitutes the "improper extra-pleaded material" outside the scope of his pleadings on which he bases his motion. *See* Mot., ¶ 9.

Doe proves nothing by counting exhibit pages while ignoring the defendants' 12(b)(3) venue motions to which most or all of those exhibits were properly attached and to which defendants' Rule 12(b)(6) motions were properly joined, concluding instead that those 471 pages relate exclusively to defendants' 12(b)(6) motions, and that 471 pages of exhibits must go beyond the scope of his pleadings as a matter of some natural volumetric law. Doe bore the burden of supporting his motion by citing the controlling law and demonstrating through reasoned analysis his right to the relief he is requesting. He did not carry it.

Defendants bear no such a burden. Nevertheless, defendants' chart, attached as Exhibit 1 to this response, granulates the statements in the Zansitis, Ostdiek, and Garza Declarations, as well as the exhibits attached to them, and confirms defendants' extrinsic evidence related to its 12(b)(6) motion falls entirely within the Fifth Circuit's definition of Doe's pleadings.

### 3. Doe has no other basis to delay deciding defendants' motions.

Doe claims, but provides no basis for concluding, that "equity and judicial expediency" require allowing him discovery before deciding whether he states any viable claims to discover. *See* Mot., ¶ 11. Doe makes this argument on the assumption that defendants' 12(b)(6) motions should be converted to Rule 56

summary judgment motions. As discussed above, because they should not, this argument fails with that one.

There also is no "cause," as that principle is stated in Federal Rule of Civil Procedure 6(b), to extend Doe's time to respond to defendants' Rule 12(b)(6) motions until after discovery closes. *See id.*, ¶ 11. Doe cites no authority that after properly denying motions to convert Rule 12(b)(6) motions in to summary judgment motions under Federal Rule of Civil Procedure 12(d), courts can then grant the same relief, on the same ground, because it constitutes "good cause" for extending the time for the plaintiff to respond to the motion under Federal Rule of Civil Procedure 6(b)(1)(A).

Doe has no right to discover whether he has any claims before being required to defend the claims he has already asserted, defendants have no obligation to respond to any such discovery, and this Court has no reason to delay considering defendants' properly and timely submitted Rule 12(b)(6) motions.

## C. Doe Is Not Entitled to The Other Relief He Requests.

Doe's motion seeks more than absolution from timely responding to defendants' Rule 12(b)(6) motions. Charitably dubbing his motion, in its totality, as "an attempt to seek an orderly disposition of [this case] . . .", Doe also moves for a scheduling order (1) "allowing discovery and an opportunity for the parties to make their pleadings more specific" before this Court analyzes any of "the facts and causes of action asserted," (2) allowing him 45 days after merits discovery closes before

10

having to respond to defendants' 12(b)(6) motions, and (3) granting him leave to freely amend his complaint as a matter of right after discovery is complete. *See* Mot., p. 1 & ¶¶ 6, 9.

Defendants will not belabor responding beyond pointing out Doe is seeking to reverse the normal course of litigation in the federal courts by requesting an order allowing the parties to complete discovery, allowing him to amend his complaint using the results, and then presumably proceeding to trial on his new claims without giving defendants an opportunity to respond—since discovery will be closed.

Defendants respectfully suggest the relief Doe requests is fundamentally unfair, and entirely unnecessary. Federal courts have been orderly disposing of cases under the Federal Rules of Civil Procedure since their enactment in 1937, including by enforcing requirements that plaintiffs assert facially plausible claims, judicially scrutinizing the viability of claims at the outset of litigation, limiting merits discovery to surviving claims, and allowing timely and appropriate amendments for good cause. Those same rules remain sufficient for orderly disposing of this case.

## CONCLUSION

Doe's response to defendants' early test of the viability of his claims—requesting full merits discovery and the ability to amend his claims before this Court ever sees them and before defendants can have their dismissal motions heard—is not how litigation in federal court works. Doe chose to file a federal lawsuit against Ms. Garza and Dr. Ostdiek—individuals with no individual liability under any of the

claims he asserts—as well as Rice University. He filed it in this district, one of self-evidently improper venue, requiring all three defendants to appear and defend themselves in a forum away from their homes.

All three have appeared as Doe demanded, filed their required motions to transfer to a district of proper venue, and properly moved to dismiss Doe's complaint at the earliest opportunity.  They are entitled to timely decisions.

Defendants therefore request that Doe's motion be denied, that all of their pending motions be timely heard and decided, and that they be awarded all other legal and equitable relief to which they may show themselves entitled.

DATED:  January 3, 2020.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

*/s/ Terry Kernell*
Russell Hardin, Jr.
State Bar No. 08972800
rhardin@rustyhardin.com
Terry D. Kernell
State Bar No. 11339020
tkernell@rustyhardin.com
Emily M. Smith
State Bar No. 24083876
esmith@rustyhardin.com

5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR DEFENDANTS**
**WILLIAM MARSH RICE UNIVERSITY,**
**EMILY GARZA, AND DONALD OSTDIEK**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, and that all counsel of record are being served this day with a copy of the document via the CM/ECF system.


*/s/ Terry D. Kernell*
Terry D. Kernell