IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JOHN DOE** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00658 |
| | § | (Jury) |
| **WILLIAM MARSH RICE** | § | |
| **UNIVERSITY d/b/a RICE** | § | |
| **UNIVERSITY, EMILY GARZA,** | § | |
| as agent for Rice University, and | § | |
| **DONALD OSTDIEK**, as agent for | § | |
| Rice University, | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S DISCOVERY MOTION

The four parts of Plaintiff John Doe's Reply criticize arguments Defendants don't make—and misconstrues arguments they do—in opposing his discovery motion. His counsel also accuse Defendants' counsel of making misrepresentations to this Court, accusations that cannot go unaddressed.

### BACKGROUND

Doe's argument for discovery is that by attaching exhibits to their Rule 12(b)(6) motions, Defendants converted them into summary judgment motions. [Dkt. 19]. Defendants disagree. As their Response explains, the exhibits either are proper support for the Rule 12(b)(3) venue motions joined with their Rule 12(b)(6) motions, are part of Doe's "pleadings" for Rule 12(b)(6) purposes, or both. [Dkt.

20]. Doe's Reply [Dkt. 22] attacks Defendants' counsel more than Defendants' arguments, but does neither effectively.

## ARGUMENT

Part I of Doe's Reply—"clarifying" that his discovery motion is not his Rule 12(b)(6) response—refutes an argument Defendants didn't make. *See* Reply [Dkt. 22], pp. 1-2. The point Defendants make in their Response is that asking for discovery to allow pending pleadings to be made "more specific"[1] before responding to Rule 12(b)(6) motions is fundamentally inconsistent with any argument those live pleadings are already sufficient. *See* Response, pp. 1-2. It is a fair point, which Doe's Reply does not address.

In Part II Doe accuses Defendants' counsel of making a misrepresentation to this Court. *See* Reply [Dkt. 22], p. 2 ("Defendants' Response aggressively contends that Plaintiff seeks to avoid addressing the issue of venue, which is a disappointing, wholesale misrepresentation to this Court."). That statement is untrue, and does not change what Defendants actually said. Rather than repeat it, Defendants refer this Court to their Response, a cursory review of which refutes Doe's accusation. Defendants also note that even in reply, Doe continues ignoring Defendants' actual

---

[1] Doe alleges his motion's purpose is providing "an opportunity for *the parties* to *make their pleadings more specific*." Motion [Dkt. 19], p. 1 (emphasis added). Defendants filed motions, not answers. The only party with pleadings needing specificity is Doe.

point—the significance of joining Rule 12(b)(3) motions, to which exhibits can and often must be attached, with Rule 12(b)(6) motions, where "pleadings" means more than "complaint." *See* Response [Dkt. 20], pp. 6-7.

Part III says nothing meaningful beyond accusing Defendants' counsel of "yet another misrepresentation" in asserting his motion cites the wrong law. *See* Reply [Dkt. 22], p. 2; *see also* Response [Dkt. 20], pp. 2-3. That accusation is also untrue, because Doe's motion does cite the wrong law. Said another way, in seeking conversion of Defendants' 12(b)(6) motions to Rule 56 motions for attaching exhibits outside his pleadings while omitting binding precedent defining "pleadings" in this precise context, Doe's motion does not cite the right law. Neither does his Reply, which cites and omits the same law as his motion, while making no attempt to apply the correct standard to any exhibit. *Id.*, pp. 2-3

Despite adding lengthy quotes from the Garza and Ostdiek declarations, Part IV repeats arguments from Doe's motion to which Defendants responded, and which his Reply does not address. *See* Response [Dkt. 20], pp. 6-9 (explaining why Defendants' extrinsic evidence is proper). Doe does make one new statement—that "Defendants have specifically requested that this Court consider all extrinsic documents and material witness declarations in the determination of Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's claims…". Reply [Dkt. 22], p. 4.

Even if it was accurate, Doe's assertion would be irrelevant. If it is otherwise proper, and if it chooses to do so, this Court can grant Defendants' Rule 12(b)(6)

motions while ignoring anything it believes exceeds the scope of Doe's pleadings. *See, e.g., Cox v. Kaelin*, 577 Fed. Appx. 309-10 (5th Cir. 2014) (statement that 12(b)(6) ruling is based solely on pleadings is credited on appeal as confirming district court did not rely on things outside the pleadings).

But Doe's characterization is not accurate. The footnote cites says:

> Documents central to Doe's claims but not attached to his complaint are attached to the Zansitis, Ostdiek, and Garza declarations filed as Exhibits A, B, and C in support of these motions, and incorporated herein. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (naming exhibits proper in 12(b)(6) motions); *The Blacklands Railroad v. Ne. Tex. Rail Transp. Dist.*, Civil Action No. 1:19-CV-250, 2019 WL 3613071, slip op. at *2 (E.D. Tex. Aug. 5, 2019) (record evidence outside complaint relevant to venue).

Motions to Dismiss [Dkt. 14], p. 2 n.2. Defendants are not "specifically requesting" that this Court consider any particular document when deciding any particular motion here, or anywhere else in their Response.

## **CONCLUSION**

Doe's accusations of misrepresentations are easily disproved by comparing Doe's Reply with what Defendants' Response actually says. Otherwise, his Reply contains nothing new. His discovery motion should still be denied.

DATED: January 16, 2020

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

 _/s/ Terry D. Kernell_
Russell Hardin, Jr.
State Bar No. 08972800
rhardin@rustyhardin.com
Terry D. Kernell
State Bar No. 11339020
tkernell@rustyhardin.com
Emily M. Smith
State Bar No. 24083876
esmith@rustyhardin.com

5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

**ATTORNEYS FOR DEFENDANTS
WILLIAM MARSH RICE UNIVERSITY,
EMILY GARZA, AND DONALD OSTDIEK**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, and that all counsel of record are being served this day with a copy of the document via the CM/ECF system.

                              */s/ Terry D. Kernell*
                              Terry D. Kernell