# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JOHN DOE §<br>    *Plaintiff*, §<br>v. §<br> §<br>WILLIAM MARSH RICE UNIVERSITY §<br>d/b/a RICE UNIVERSITY §<br>    *Defendant*. § | Civil Action No. 4:19-CV-00658<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is William Marsh Rice University d/b/a Rice University's Motions to Dismiss for Improper Venue or Alternatively to Transfer Venue, and to Dismiss for Failure to State a Claim (Dkt. #14). Having considered the motion and the relevant pleadings, the Court is of the opinion that Defendant's Motion is **GRANTED**.

### BACKGROUND

Plaintiff John Doe ("Doe") accuses Defendant William Marsh Rice University d/b/a Rice University ("Rice") of a violation of Title IX of the Education Amendments of 1972 (Dkt. #1) and of state law breach of contract (Dkt. #1). In the Fall of Doe's freshman year at Rice, Doe entered into a relationship with another student on Rice's campus ("Roe") (Dkt. #1). Some weeks after the relationship ended, Roe became aware that she had a sexually transmitted disease (Dkt. #1). It is Roe's assertion that Doe infected her with this disease with no warning to Roe of the implications of having sexual intercourse with Doe (Dkt. #1). Based on these assertions by Roe, Rice launched an investigation into Doe's conduct (Dkt. #1). What transpired during this investigation led to the immediate action.

On September 11, 2019, Doe filed his Original Complaint (Dkt. #1). In his Original Complaint, Doe alleges that based on his gender, Rice denied Doe "[his] right to a fair and non-

discriminatory investigation and adjudication of sexual misconduct and related complaints . . . ." (Dkt. #1). Doe further alleges that because he was treated unfairly during the investigation and was subjected to a partial disciplinary process, Rice "breached expressed and/or implied contracts" with Doe (Dkt. #1).

On December 11, 2019, Rice, along with Emily Garza and Donald Ostdiek, filed its Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue, and to Dismiss for Failure to State a Claim ("Motion") (Dkt. #14). On May 7, 2020, the Court issued an Order on Plaintiff's Notice of Dismissal as to Defendants Emily Garza and Donald Ostdiek, leaving Rice as the sole Defendant (Dkt. #34). The question of venue remains unresolved. Rice argues that venue is improper because: (1) Rice does not meet the minimum contacts sufficient to be subject to personal jurisdiction in the Eastern District of Texas; and (2) no substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas (Dkt. #14). Rice maintains instead that every significant event or omission took place in the Southern District of Texas, including: (1) Doe's involvement with Roe; (2) Rice's interim sanctions; (3) the Student Judicial Program's ("SJP") investigation, conclusions, and final sanctions; (4) Doe's appeal; (5) the denial of Doe's appeal; and (6) every act of gender discrimination, both historical and continuing (Dkt. #14). In the alternative, Rice argues that, even if the venue is proper under 28 U.S.C. § 1404(a), the case should be transferred to the Southern District of Texas due to: (1) the convenience of the parties and witnesses; and (2) the interests of justice (Dkt. #14).

On January 28, 2020, Doe filed his Response in Opposition to Rice's Rule 12(b)(3) Motion to Dismiss or Transfer Venue (Dkt. #27). Doe argues that Rice is "wholly misinformed with regard to [its] allegation that 'no substantial part of any event or omission occurred' in the [Eastern District of Texas]" (Dkt. #27). Doe counters that, actually, the Eastern District of Texas has been

the location "of many of the most important and substantial factual developments in this case" (Dkt. #27). Specifically, the Eastern District is the location where Doe received much of the correspondence related to his claims (Dkt. #27).

On February 3, 2020, Rice filed its Reply in Support of Defendant's venue Motions (Dkt. #28). Rice argues that it cannot be liable to Doe in the Eastern District just because Doe permanently resides there and received communications while at his home (Dkt. #28). Rice maintains that the events Doe alleges took place in the Eastern District are not substantial events or omissions giving rise to Doe's claims (Dkt. #28).

On July 10, 2020, the Court held a hearing on this matter. At the hearing, the Court invited both parties to submit further briefing to support their arguments. On July 14, 2020, Rice submitted its letter to the Court (Dkt. #43-1). On July 15, 2020, Doe submitted his letter to the Court (Dkt. #44). On July 16, 2020, Rice submitted its Response to Doe's letter to the Court (Dkt. #45).

## LEGAL STANDARD

Section 1404 permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) ("There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'"). The purpose of § 1404 "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against

unnecessary inconvenience and expense . . . .'" *Van Dusen*, 376 U.S. at 616 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960)).

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed, or whether all parties consent to a particular jurisdiction.'" *E-Sys. Design, Inc. v. Mentor Graphics Corp.*, 4:17-CV-00682, 2018 WL 2463795, at *1 (E.D. Tex. June 1, 2018) (quoting *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004)). Once that threshold inquiry is met, the Fifth Circuit has held "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are neither exhaustive nor exclusive, and no single factor is dispositive. *Id.* These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Vivint La., LLC v. City of Shreveport*, CIV.A. 14-00617-BAJ, 2015 WL 1456216, at *3 (M.D. La. Mar. 23, 2015) (quoting *Volkswagen I*, 371 F.3d at 203).

The party seeking transfer of venue must show good cause for the transfer. *Id.* The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Id.* at 315 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. And, again, while the multi-factor analysis is informative, ultimately, "the district court has broad discretion in deciding whether to order a transfer." *Balawajder*, 160 F.3d at 1067 (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

## ANALYSIS

The parties do not dispute that this is a case that could have been filed originally in the Southern District of Texas. Rice could have been sued in the Southern District of Texas because: (1) Rice is a resident of this venue; and (2) a substantial part of the events giving rise to Doe's claim took place in this venue. Assuming *arguendo* that the Sherman Division of the Eastern District of Texas is also a venue where this case could have been filed originally, the Court finds the case should nonetheless be transferred to the Houston Division of the Southern District of Texas based on the 1404(a) public and private interest factors.

I. **Public Interest Factors**

The public interest factors are:

(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law or in the application of foreign law.

5

*Volkswagen II*, 545 F.3d at 315 (citations omitted). Rice only addressed the second public interest factor, leaving the Court to speculate as to Rice's stance on the other three factors. Because of the lack of guidance from Rice, the Court assumes that Rice believes the first, third, and fourth factors are neutral. On the other hand, Doe asserts that the second, third, and fourth factors are neutral while maintaining that the first factor is conceded in his favor.[1] The Court agrees with both parties that the third and fourth factors are neutral. Despite Doe's assertion that the second factor is also neutral, the Court finds his reasoning unpersuasive. Doe asserts that the second factor is supportive of both venues, making it neutral. This is not so. The Court finds the second factor clearly weighs in favor of transferring this action to the Southern District of Texas. The Court also disagrees with Doe's assessment on the first factor. Doe conclusively asserts that the first factor is conceded in his favor. Yet, Rice did not concede that this factor weighs in favor of non-transfer in any of its briefs. Moreover, Doe makes no attempt to show why this factor would favor the Eastern District over the Southern District. The Court refuses to find the first factor weighs in favor of non-transfer without more. Given that neither party provided support for why the first factor would favor one venue over another, the Court finds this factor to be neutral. For the foregoing reasons, the Court finds that the first, third, and fourth public interest factors are neutral. And, since both parties proffered arguments for the second factor, the Court now considers the impact of the second public interest factor.

### a. The Local Interest in Having Localized Interests Decided at Home

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. "The Court must consider local interest in litigation

---

[1] In Doe's Response in Opposition to Rice's Motion, Doe states: "Defendants do not even address this factor of the analysis, and as such, the Court should find that it is conceded in favor of Plaintiff's chosen forum." (Dkt. #27). The Court, however, does not readily agree that Rice's silence translates to a concession. Moreover, beyond Rice's silence, Doe offers nothing to support that this factor should favor remaining in the Eastern District of Texas.

because '[j]ury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation.'" *Potter v. Cardinal Health 200, LLC.*, No. 2:19-cv-00007, 2019 WL 2150923, at *3 (E.D. Tex. May 16, 2019) (quoting *Volkswagen I*, 371 F.3d at 206). Rice argues that it is the Southern District, not the Eastern District, that has an interest in this case. Rice bases this on its assertion that all of the events giving rise to this action occurred in Houston. More specifically, Doe attended Rice University in Houston and his claims are lodged against Rice University. Doe counters that residents in the Eastern District have an interest in this matter because Doe was a local high school football player here. Additionally, Doe avers that because this is a district-to-district transfer, and not a state-to-state transfer, the Court should analyze the second public interest factor through a different lens. Doe proffers that because Rice University is located in Texas then all the citizens of Texas have an interest in what happens there. The Court disagrees with Doe's assertions.

Texas is a giant that towers over most states both in size and population. Moreover, Texas is home to numerous higher education institutions. It is hard to say, as Doe does, that a citizen of Texas is inherently concerned with the happenings of a university simply because that university is located in Texas. To that end, Rice University is a four- to five-hour drive from the Sherman Division of the Eastern District of Texas, making it unlikely that the citizens of this District have a *per se* local interest in this matter. Although Doe's contention that the citizens of the Eastern District would be interested in Rice's alleged treatment of a former local high school football player has some merit, it can hardly be said that the level of interest from that reaches the level of interest that Houstonians have in deciding this matter at home.

As Rice points out, this is a claim that: (1) arose from the relationship of two students attending a university in Houston; (2) is about events that took place in Houston; (3) is lodged

against a university in Houston; and (4) calls employees of a university in Houston to testify. Rice instructively cites *Payne v. Grayco Cable Servs., Inc.*, No. 1:11-CV-487, 2011 WL 13076902 (E.D. Tex. Dec. 8, 2011) in support of its argument. The *Payne* Court held that the second public interest factor favors transfer when "the majority of acts giving rise to the action occurred in the [transferee district] and a large number of witnesses reside and are employed there." *Id.* at *10. In this case, as in *Payne*, many of the witnesses reside in the Houston area and are employed there. Moreover, the citizens of Houston are likely concerned with the outcome of a case alleging, among other things, discrimination against a university that has a prominent presence in Houston. Thus, there is undoubtedly a localized interest in this matter being resolved in the Southern District of Texas. Citizens of the Eastern District, opposingly, would see little effect from this case and likely have very little interest in the events that take place at Rice. Given the overwhelming connection to Southern District of Texas and the tenuous connection to the Eastern District, the Court finds that the second public interest factor clearly weighs in favor of transfer.

## II. Private Interest Factors

The private interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Volkswagen II*, 545 F.3d at 315 (citations omitted). The parties dispute all factors, aside from the fourth. The Court agrees with the parties that the fourth factor is neutral, the first and second are not, and the third weighs so slightly in favor that it does not meet the clear standard that is required. As such, the Court will discuss all but the fourth factor.

### a. The Relative Ease of Access to Sources of Proof

The first private interest factor is the relative ease of access to sources of proof. *Volkswagen I*, 371 F.3d at 203. In examining the first private interest factor, the Court looks to the location of documents and physical evidence, rather than to witnesses. *In re Volkswagen II*, 545 F.3d at 316. Despite having entered into a new technological age, courts are cautioned from considering too strongly the ability to electronically send documents and evidence. *Id.* "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this [first] factor superfluous." *Id.* All of Rice's relevant files, records, and documents relating to this dispute are in the Southern District of Texas. Even so, Doe contends that the Court should weigh heavily the fact that Rice can email all pertinent documents. Doe provides no case law to back this assertion. And to find the first factor in favor of Doe would embrace an approach the Fifth Circuit expressly advised against in *Volkswagen II*. *Id.* Generally, *even given the holding in Volkswagen II*, the Court would not weigh the first factor so heavily. Indeed, the Court has generally found this factor to be unpersuasive in the past. But, considering the lack of connection to the Eastern District and the strong connection to the Southern District, the Court finds the first factor weighs more clearly towards transfer. Thus, the Court finds the first private interest factor weighs in favor of transfer.[2]

### b. The Availability of Compulsory Process to Secure the Attendance of Witnesses

The second private interest factor is the availability of compulsory process for the attendance of unwilling witnesses. *Volkswagen I*, 371 F.3d at 203. Federal Rule of Civil Procedure 45 provides that:

---

[2] Again, to make matters clear, this is not a shift in the Court's venue jurisprudence; rather, this is a unique case—one where nearly every relevant event occurred in the Southern District—that necessarily results in a very cabined, fact-specific opinion.

> **(1)** *For a Trial, Hearing, or Deposition*. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
>> **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; *or*
>>
>> **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
>>
>>> **(i)** is a party or a party's officer; or
>>>
>>> **(ii)** is commanded to attend a trial and would not incur substantial expense.

FED. R. CIV. P. 45 (emphasis added).

Rice argues the non-party witnesses in this case are almost entirely located in Houston—300 miles away from the Sherman Division of the Eastern District of Texas. Thus, most of the witnesses are outside the Eastern District's absolute subpoena power under FED. R. CIV. P. 45(c)(1)(B)(i)–(ii). And Rule 45 only gives the Court general subpoena power if trial attendance by these witnesses would not incur a substantial expense. FED. R. CIV. P. 45(c)(1)(B)(i)–(ii). What is more, Rice continues, a proper venue that does enjoy *absolute* subpoena power over most of the witnesses—the Houston Division—is available. Doe counters that because Rice failed to list each non-party witness who resides in Houston, the second private interest factor cannot weigh in favor of transfer. Rather, Doe contends the second factor favors remaining in the Eastern District because: (1) the Court has absolute subpoena power over non-party witnesses because parts of the Eastern District of Texas are less than 100 miles from Houston; and (2) Doe's parents are non-party witnesses who are located in the Eastern District of Texas. The Court is unpersuaded by Doe's argument and finds the second private interest factor weighs in favor of transfer.

Doe's contention that the Court has absolute subpoena power over all parties because Houston is less than 100-miles from *some* parts of the Eastern District is misguided. In reality, "a district court has subpoena power over witnesses that live or work *within 100 miles of the courthouse*," not 100 miles from some part of the district in which the courthouse is located.

10

*Potter*, 2019 WL 2150923, at *3 (citing FED. R. CIV. P. 45(c)(1)(A)) (emphasis added). And while it is true that the Court's subpoena power is not strictly limited to the 100-mile radius surrounding its courthouse, compelling witnesses to travel such a distance—some 300 miles—would result in substantial costs. *Id.* (holding that a court may compel non-party residents outside of the 100-mile radius to attend trial as long as their attendance would not incur substantial costs).

Moreover, Doe's assertion that Rice failed to make known any non-party witnesses besides Roe who live in Houston is incorrect. In actuality, Rice made its intentions clear that it will be calling Rice employees to testify—all of whom presumably live in Houston where they work. *See Payne*, 2011 WL 13076902, at *8. Although Doe named both his parents as non-party witnesses who reside in the Sherman Division of the Eastern District, the Court finds that the majority of non-party witnesses are outside the Court's absolute subpoena power. Further, the Southern District of Texas could exercise absolute subpoena power over most of the non-party witnesses.

For the foregoing reasons, the Court finds that the second factor—the availability of compulsory process for the attendance of unwilling witnesses—weighs in favor of transfer. Generally, as the Court has stated with each previous factor, the Court would not find that Houstonians cannot be compelled to attend trial in this Court. But, given the facts of the case and the limited connection of this action to the Eastern District of Texas, the Court finds that this factor weighs in favor of transfer.

    **c. The Cost of Attendance for Willing Witnesses**

The third private interest factor is the cost of attendance for willing witnesses. *Volkswagen I*, 371 F.3d at 203. The longer witnesses must travel, the less convenient a venue is. *See id.* at 204–05. The Fifth Circuit noted that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with

11

overnight stays increases the time in which these fact witnesses must be away from their regular employment." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 205).

Here, the majority of the witnesses—Rice, Rice's employees, and Roe—would be forced to travel over 600 miles roundtrip if the case were to remain in this Court. While such a distance would surely result in more than a day's worth of travel, travel is not uncommon in a trial. In fact, the Court often calls in parties and witnesses from Houston, across the country, and, at times, the world. Given the commonality of travel, the Court finds that the third private interest factor at best slightly weighs in favor of, but does not warrant, transfer.

Having considered all of the relevant factors, the Court is of the opinion that Rice has shown good cause for transfer. When looking at the factors as a whole and the grand scheme of this case, the transferee venue is "clearly more convenient" than the transferor venue. The Southern District of Texas has a local interest in this matter being resolved there. Despite the technological advantages of the twenty-first century, the relative ease of access to sources of proof weighs in favor of the Southern District of Texas. Further, the Southern District of Texas has absolute subpoena power over a majority of the non-party witnesses and is far more convenient for those same witnesses to travel to. Conversely, the Eastern District of Texas, has general subpoena power over the majority of non-party witnesses. Despite the third private interest factor not necessarily warranting transfer, the Court finds, as a whole, that the factors clearly weigh in favor of transfer.

## CONCLUSION

It is therefore **ORDERED** that Rice's Motion to Transfer Venue to the Houston Division of the Southern District of Texas under 28 U.S.C. § 1404(a) (Dkt. #14) is hereby **GRANTED**.

It is further **ORDERED** that this case is hereby transferred to the United States District Court for the Southern District of Texas, Houston Division.

**SIGNED this 4th day of August, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE